**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Ryan W. Bounds
Assistant U.S. Attorney
Ryan.Bounds@usdoj.gov
(503) 727-1141
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 30, 2023

Kevin D. Collins, Esq.
Bracewell, LLP
111 Congress Ave., Ste. 2300
Austin, TX 78701-4061

Re:   *United States v. Pure Addiction Diesel Performance, LLC*
      Pre-Charge Plea Offer

Dear Mr. Collins:

1.   **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant Pure Addiction Diesel Performance, LLC ("Pure Addiction" or "defendant") and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement applies neither to any charges other than those specifically mentioned herein nor to any civil or administrative remedy that the Environmental Protection Agency or any other regulatory agency may seek.

2.   **Charges**: Defendant agrees to plead guilty to the Information to be filed in this case, which is transmitted herewith and charges defendant with tampering with a monitoring device, in violation of the Clean Air Act, Title 42, United States Code, Section 7413(c)(2)(C).

3.   **Penalties**: The maximum sentence for an organization found guilty of this offense is a fine of $500,000 or twice the gross pecuniary gains or losses resulting from the offense, whichever is greater. *See* 18 U.S.C. § 3571. Defendant must also pay a mandatory fee assessment of $400 by the time of entry of its guilty plea. *See* 18 U.S.C. § 3013(a)(2)(B).

4.   **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, insofar as all the material facts underlying such charges are known to the USAO at the time this agreement is tendered to defendant.

5.   **Elements of the Offense:** For defendant to be found guilty of Clean Air Act Tampering in violation of the Clean Air Act as alleged in the Information, the government must prove the following elements beyond a reasonable doubt:

Kevin D. Collins, Esq.
Re: Pure Addiction Plea Letter
Page 2

---

    a.    Pure Addiction Diesel Performance, LLC, a person;

    b.    Knowingly;

    c.    Falsified, tampered with, rendered inaccurate, or failed to install;

    d.    A monitoring device or method required under the Clean Air Act.

Defendant stipulates that uncontested and admissible evidence of its relevant conduct as summarized in paragraph 6, *infra*, establishes each of the foregoing elements beyond any reasonable doubt.

6.    **Factual Basis and Relevant Conduct**: Defendant stipulates that the following is a true and accurate summary of its offense conduct. Defendant further agrees and avers that every statement herein and every allegation in the Information is true and correct and that the government could prove every statement beyond a reasonable doubt at trial, including through evidence of these admissions.

A. Pure Addiction, an Oregon-based company formed in March 2013, operates a diesel repair shop located in Hillsboro, Oregon. Travis Turner is the sole member of the company.

B. Starting in at least 2018 and continuing through 2020, Pure Addiction Diesel Performance, LLC, performed "deletes and tunes" of customers' diesel trucks. This process involved the removal of emissions control systems, which are designed to reduce pollutants being emitted from the vehicles. Under normal operating conditions, an on-board diagnostic system (OBD), a monitoring device that is required under the Clean Air Act, will detect any removal and/or malfunction of a vehicle's emissions control equipment. Upon detection of removal and/or malfunction, a diagnostic trouble code will be recorded and the malfunction indicator light, also known as the "check engine" light, will be illuminated on the dashboard of the vehicle. Under certain circumstances, if the malfunction is not remedied, the vehicle will be forced into "limp mode," where the maximum speed is limited to five miles per hour, incentivizing the vehicle owner to repair the issue. To prevent this from occurring, when the defendant removed or "deleted" the emissions control systems from customer vehicles, the defendant also modified or "tuned" the vehicles' OBDs so that they could no longer detect the removal of the control equipment.

C. By modifying OBDs on vehicles, Pure Addiction knowingly falsified, tampered with, and rendered inaccurate the vehicles' monitoring devices so that the modified vehicles could continue to function despite the removal or deletion of emissions control equipment.

Kevin D. Collins, Esq.
Re: Pure Addiction Plea Letter
Page 3

---

These activities were done in violation of the Clean Air Act, Title 42, United States Code, Section 7413(c)(2)(C).

D. Between approximately 2018 and 2020, Pure Addiction deleted and tuned approximately 245 diesel vehicles for its customers in violation of the Clean Air Act. Depending on the vehicle, the replacement parts for the emissions controls and the type of tunes requested for the vehicle, Pure Addiction charged its customers approximately $2,000 for the parts and labor to remove emissions control systems and render inaccurate the vehicles' OBDs. In total, Pure Addiction, collected over $400,000 for performing unlawful deletes and tunes on 245 diesel vehicles between 2018 and 2020.

E. Diesel exhaust is known to contain a variety of air pollutants, such as particulate matter (PM), nitrogen oxides (NOx), carbon monoxide (CO) and non-methane hydrocarbons (NMHC), as well as substances identified as hazardous air pollutants under the Clean Air Act: Ethylbenzene, Formaldehyde, n-Hexane, Lead Components, Manganese Compounds, and Mercury Compounds. The act of removing or disabling a vehicle's emissions control system can increase PM by a factor of approximately 40 times, NOx by a factor of approximately 310 times, CO by a factor of approximately 120 times, and NMHC by a factor of approximately 1,100 times.

7. **Waiver of Discovery**: As a material term of this offer and agreement, defendant expressly accepts the USAO's offer to make available the evidence gathered in the investigation of this matter for on-site inspection and the USAO's production of limited discovery as of the date of this agreement in full satisfaction of the government's discovery obligations in this case. Defendant knowingly, intelligently, and voluntarily waives its rights to further production of evidence or information from the government, even though it may be entitled to such production pursuant to the Federal Rules of Criminal Procedure, the discovery orders of the Court, and any prior demands for discovery.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that it fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for its unlawful conduct in this case. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9. **Stipulated Sentence of Three Years' Probation**: The parties have entered this agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) and stipulate that, if the Court accepts this agreement and neither party breaches it, a sentence of three years' probation with no criminal fine shall be imposed. The parties further stipulate that the conditions of probation will include, in addition to all applicable mandatory and standard conditions, the condition that the defendant must pay the Administratively Assessed Penalty of $148,733 to the U.S. Environmental Protection Agency (EPA) within eighteen months from the date of sentencing, pursuant to the

Kevin D. Collins, Esq.
Re: Pure Addiction Plea Letter
Page 4

terms of the Consent Agreement between EPA and Pure Addiction, and to abide by the conditions of the Consent Agreement during the full term of its probation.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Defendant expressly agrees that this waiver shall remain effective in the event that the USAO alters its sentencing recommendation consistently with paragraph 8, *supra*, or because defendant breaches this agreement as described in paragraph 13, *infra*.

11. **Court Bound to Impose Stipulated Sentence**: The parties have entered this agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). The Court must either accept the agreement and impose the sentence to which the parties stipulate herein or reject the agreement and thereby vitiate its terms, allowing the defendant to withdraw its plea and the government to pursue all lawful charges and to argue for any lawful sentence.

12. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer, the Defendant, and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea or challenge or rescind the waiver of appeal as provided in paragraph 10, *supra*.

If defendant believes that the government has breached the plea agreement, it must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, it has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

14. **Restitution**: There is currently no identifiable restitution owed for the offense of conviction. The Court will have sole discretion ultimately to determine if the defendant has liability for any restitution.

15. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by

Kevin D. Collins, Esq.
Re: Pure Addiction Plea Letter
Page 5

---

all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

16. **Deadline**: This plea offer expires if not accepted by June 1, 2023, at noon.

Sincerely,

NATALIE K. WIGHT
United States Attorney

*/s/ Ryan Bounds*

RYAN W. BOUNDS
Assistant United States Attorney
KARLA GEBEL PERRIN
Special Assistant United States Attorney

Defendant Pure Addiction Diesel Performance, LLC, through its responsible agents and representatives, has carefully reviewed every part of this agreement with its attorney. Defendant understands and voluntarily agrees to the terms of this agreement. The corporation expressly waives its rights to appeal as outlined in this agreement. The corporation pleads guilty because, in fact, it is guilty.

5/31/23
Date

_____
For Pure Addiction Diesel Performance, LLC,
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

5/31/23
Date

*/s/ Kevin Collins*
Kevin D. Collins, Esq.